IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-237-D
No. 5:16-CV-637-D

| | |
|---|---|
| TAVARIS DELINO BATTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 30, 2016, Tavaris Delino Battle ("Battle") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 418]. On August 29, 2016, Battle filed an amended section 2255 motion [D.E. 421], a motion to appoint counsel [D.E. 422], a motion to expand the record [D.E. 423], and a motion for a hearing [D.E. 424]. On October 27, 2016, the government moved to dismiss Battle's section 2255 motion [D.E. 432] and filed a memorandum in support [D.E. 433]. On November 16, 2016, Battle responded in opposition [D.E. 435]. As explained below, the court grants the government's motion to dismiss and dismisses Battle's section 2255 motion.

I.

On February 3, 2014, pursuant to a plea agreement, Battle pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) (count one) and to using, carrying, and discharging a firearm in furtherance of a drug-trafficking crime and aiding and abetting (count nine). See [D.E. 156, 158, 375]. On November 18, 2014, at Battle's sentencing hearing, the court calculated Battle's total offense level to be 43, his criminal history category to be VI, and his advisory guideline range to be life on count one and 120 months' imprisonment on count nine to run consecutively. See [D.E. 367] 1; Sentencing Tr. [D.E. 373] 33. After thoroughly

considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Battle to life imprisonment on count one and 120 months' imprisonment on count nine to run consecutively. See Sentencing Tr. at 43–56.

Battle appealed. On May 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Battle's conviction, enforced the appellate waiver in Battle's plea agreement, dismissed Battle's appeal concerning his sentence, and held that Battle had to raise an ineffective-assistance-of-counsel claim under 28 U.S.C. § 2255. See United States v. Battle, 611 F. App'x 780 (4th Cir. 2015) (per curiam) (unpublished).

On June 30, 2016, Battle filed his section 2255 motion [D.E. 418]. On August 29, 2016, Battle filed an amended section 2255 motion [D.E. 421]. In his motion and amended motion, Battle makes three claims: (1) that Battle is no longer a career offender under U.S.S.G. § 4B1.2 because of Johnson v. United States, 135 S. Ct. 2551 (2015); (2) ineffective assistance of counsel during pretrial proceedings and the plea process because counsel failed to investigate the case properly and pressured Battle into pleading guilty thereby rendering Battle's guilty plea involuntary; and (3) that the court erroneously sentenced Battle as a career offender under U.S.S.G. §§ 4B1.1 and 4.B1.2 even though Battle's common-law robbery conviction is not categorically a crime of violence under the force clause in section 4B1.2(a)(1) and the then-existing residual clause in section 4B1.2(a)(2) is unconstitutionally vague under Johnson. See [D.E. 418] 2–4; [D.E. 421] 4–12; [D.E. 421-1] 4–15.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus,

2

551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Battle's claims that U.S.S.G. § 4B1.2 is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015), and that this court erroneously sentenced Battle as a career offender, Battle's plea agreement contains an appellate waiver. See [D.E. 158] ¶ 2(c). In the waiver Battle agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

3

Id. In light of Battle's Rule 11 proceeding, the appellate waiver is enforceable. See Battle, 61 F. App'x at 782; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Battle's claims concerning being a career offender, Johnson, and the court's calculation of his advisory guideline range fall within the appellate waiver. Thus, the waiver bars the claims.

Alternatively, Battle failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Battle from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Battle has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claims fail.

Alternatively, Battle cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, the claims fail.

Alternatively, Battle's vagueness challenge to section 4B1.2 fails. See Beckles v. United States, 137 S. Ct. 886, 892–97 (2017). Moreover, this court's alternative variant sentence defeats Battle's argument concerning calculation of his advisory guidelines range, including the court's determination that Battle was a career offender. See Sentencing Tr. at 55 (citing United States v.

4

Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012)).

As for Battle's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Battle must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

5

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Battle's ineffective-assistance claim that counsel failed to investigate the case properly and pressured Battle into pleading guilty thereby rendering Battle's guilty plea involuntary, this court conducted a thorough Rule 11 hearing before Battle changed his plea from not guilty to guilty. See Rule 11 Tr. [D.E. 375] 2–59. During that Rule 11 hearing, Battle swore that he understood the charges in the indictment, including counts one and nine, the penalties for each of the charges, and his rights under the Constitution and laws of the United States. See id. at 17–29. Battle also swore that he understood the sentencing process, that any sentencing estimate from any source was not binding on the court, and that the court could sentence him to the maximum sentence on each count. See id. at 29–30. Battle also swore that no one threatened him or anyone else or forced him in any way to plead guilty. Id. at 30–31. Battle also swore that he understood the plea agreement, had reviewed it with his lawyer, and understood the appellate waiver in the plea agreement. Id. at 31–37. Battle also swore that he was satisfied with his lawyer's services in his case. See id. at 37–48. Battle then pleaded guilty to counts one and nine, and the government provided a factual basis for the plea. See id. at 49–50, 53–56. The court then accepted Battle's guilty plea. Id. at 56–57.

Battle's sworn statements under oath at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Moreover, Battle's complaint that he did not see the unredacted statements of certain witness until shortly before the change of plea hearing and that if he had he would have

6

pleaded guilty earlier (Sent. Tr. at 42–43) defeats any prejudice claim. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Likewise, Battle's vague claim that his counsel should have conducted a more thorough investigation fails to state a claim. See Dyess, 730 F.3d at 359–60. Thus, Battle's ineffective-assistance claim fails.

After reviewing the claims presented in Battle's motions, the court finds that reasonable jurists would not find the court's treatment of Battle's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 432], DISMISSES Battle's section 2255 motions [D.E. 418, 421], and DENIES a certificate of appealability. The court also DENIES as baseless Battle's motion to appoint counsel [D.E. 422], motion to expand the record [D.E. 423], and motion for a hearing [D.E. 424].

SO ORDERED. This 8 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge