IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-237-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TAVARIS DELINO BATTLE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 4, 2025, Tavaris Delino Battle ("Battle" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 632]. On March 2, 2026, the United States responded in opposition [D.E. 648]. On March 24, 2026, Battle replied [D.E. 649]. That same day, Battle moved to establish factual findings [D.E. 650] and for a sentence reduction [D.E. 651]. On April 7, 2026, Battle filed a memorandum in support of his second motion for a sentence reduction [D.E. 653]. On June 5, 2026, the United States responded in opposition to Battle's motions [D.E. 655]. As explained below, the court denies Battle's motions for a sentence reduction and denies as moot his motion to establish factual findings.

I.

From at least 2000 until July 2013, Battle ran a large and violent drug trafficking organization ("DTO") in multiple counties in the Eastern District of North Carolina. See Presentence Investigation Report ("PSR") [D.E. 352] ¶¶ 5–27. Battle's DTO worked with another DTO and distributed cocaine base (crack), cocaine, marijuana, and firearms. See id. ¶ 5. Confidential informants, witnesses, and surveillance evidence detailed Battle's role in the extensive DTO. See id. ¶¶ 5, 10–12, 17, 23. Battle personally used his mother's home, his

grandmother's home, and other locations to manufacture and distribute cocaine base (crack). See id. ¶ 6. During vehicle stops and execution of a search warrant, agents recovered 36.16 grams of cocaine base (crack), 109.08 grams of cocaine, marijuana, drug paraphernalia, a loaded 9mm pistol, and $2,017 in cash from Battle. See id. ¶ 9. Battle also thrice sold cocaine base (crack) in controlled buys. See id. ¶ 10. In total, Battle distributed at least 296.05 kilograms of cocaine base (crack). See id. ¶ 25. Moreover, in furtherance of his DTO activities, Battle used an accomplice who was under 18 years old, brandished and discharged firearms, used and directed violence, maintained premises, and took part in criminal conduct engaged in as a livelihood. See id. ¶ 25.

While running the DTO, Battle also engaged in heinous violent acts. See id. ¶¶ 13–22, 24–25. In September 2011, Battle kidnapped and tortured a disloyal associate for several days, inflicting injuries that required medical treatment. See id. ¶ 13. In October 2011, Battle was involved in a shootout outside a convenience store. See id. ¶ 15. In March 2012, Battle and an associate kidnapped one of their drug purchasers at gunpoint. See id. ¶ 16. That same day, Battle and three associates wore masks, brandished firearms, and assaulted a man in a residential area—shooting at him and removing his clothing while Battle screamed with a racial epithet, "Kill [him]." Id. ¶ 17. In January 2013, Battle participated in the armed home invasion of a rival drug dealer, which resulted in Battle's associates robbing the home, shooting the rival drug dealer, and raping his paramour at gunpoint in front of their six-year-old daughter. See id. ¶¶ 19–22.

After Battle's arrest and detention for his DTO activities, Battle continued to traffic drugs for five months. See id. ¶ 26.

On August 13, 2013, a federal grand jury in the Eastern District of North Carolina indicted Battle and several coconspirators. See [D.E. 1]. On February 3, 2014, the day Battle was scheduled to begin trial, Battle pleaded guilty with a plea agreement to conspiracy to distribute

2

and possess with intent to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (count one), and using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count nine). See PSR ¶ 26; [D.E. 156, 158, 375]. On November 18, 2014, the court held Battle's sentencing hearing. See [D.E. 359]; Sent'g Tr. [D.E. 373]. The court sustained an objection from defense counsel and calculated Battle's total offense level to be 43, his criminal history category to be VI, and the advisory guideline range to be life imprisonment on count one and 120 months' consecutive imprisonment on count nine. See Sent'g Tr. 28–33. After considering the relevant section 3553(a) factors, the sentenced Battle to life imprisonment on count nine and 120 months' consecutive imprisonment on count nine. See id. at 34–53; [D.E. 359, 366, 367].

Battle appealed. On May 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Battle's conviction and dismissed the remainder of the appeal in light of the appellate waiver in his plea agreement. See [D.E. 386, 387]. On June 30, 2016, Battle moved to vacate his sentence, which the court dismissed. See [D.E. 418, 438]. Battle appealed. The Fourth Circuit dismissed the appeal. See [D.E. 458].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States

3

v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

4

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Battle argues that his conspiracy offense today would not be a predicate to his career offender status, making his life sentence improper if sentenced today. See [D.E. 632] 3–4; [D.E. 632-1] 5; [D.E. 650] 1–2; [D.E. 651] 1–6; [D.E. 653] 1–2. Battle asks the court to hold an evidentiary hearing to make that factual finding and then reduce his sentence and release him. See,

e.g., [D.E. 649] 4; [D.E. 651-1] 1. In support, Battle also argues that the Department of Justice may eventually "end sentencing disparities in cases involving the distribution of crack and powder cocaine." [D.E. 653] 3.

Battle cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to a cocaine base (crack) guideline, any other applicable guideline, or his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Battle fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for alleged evolving cocaine base (crack) policy, that alleged evolution is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b). See Rutherford, 146 S. Ct. at 1330; Fernandez, 146 S. Ct. at 1302–07. Moreover, to the extent Battle relies on arguments about his career offender enhancement, Battle's guideline would have remained the same even without that enhancement. See PSR ¶¶ 41–42, 70; see also [D.E. 655] 9–10; Sent'g Tr. 30–33. Where Battle is serving a life "sentence that continues to fall within the current [g]uidelines range, the [c]ourt is hard-pressed to conclude that [Battle] faces a gross disparity in sentencing outcomes that justifies compassionate release." United States v. Johnson, No. 3:00-CR-26, 2025 WL 233586, at *5 (W.D. Va. Jan. 17, 2025) (unpublished). Furthermore,

6

to the extent Battle claims ineffective assistance of counsel or actual innocence, see, e.g., [D.E. 649] 2–4, "a compassionate release motion is not a vehicle for raising" such claims. Fernandez, 146 S. Ct. at 1306; see id. at 1305.

Battle has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Battle's motions for compassionate release and denies as moot Battle's motion to establish factual findings.

Alternatively, even if Battle demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Battle's motions. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Battle's arguments, and the government's persuasive response. The court also has considered the need to punish Battle for his serious criminal behavior, to incapacitate Battle, to promote respect for the law, to deter others, and to protect society from Battle. Given the entire record, the court denies Battle's motions for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2

7

(E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for a sentence reduction [D.E. 632, 651] and DENIES AS MOOT defendant's motion to establish factual findings [D.E. 650].

SO ORDERED. This 22 day of June, 2026.

JAMES C. DEVER III<br>
United States District Judge

8